1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | Case No.: CR-10-00851-LHK |
|---|---|---|
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO CORRECT TYPOGRAPHICAL ERROR IN INFORMATION |
| v. | ) ) ) | |
| MICHAEL JAN CLARK, | ) ) | |
| Defendant. | ) ) ) ) | |

The government requests that the Court order corrected the following typographical error in the Information, Dkt. No. 1 ("Information"), to which Defendant pled guilty on December 15, 2010: that the date in line 9 of page 2 be corrected to March 15, 2010, consistent with the written plea agreement, Dkt. No. 5, and the Defendant's allocation.  Dkt. No. 10 ("Mot.").  Defendant does not oppose the government's request.

"[A]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770, 82 S. Ct. 1038, 1050, 8 L. Ed. 2d 240 (1962) (citations omitted).  "Correction of clerical errors and 'reading out' of surplusage is permitted, however, as long as the defendant is not prejudiced thereby." *United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985) (citations omitted).  "Amendment of [an] indictment to fix typographical errors is appropriate as long as the error did not mislead the defendant." *United States v. Neill*, 166 F.3d 943, 947 (9th Cir. 1999) (citing *United States v. Lim*,

1

1    984 F.2d 331, 337 (9th Cir. 1993)).  In *United States v. Lim*, the defendant moved to dismiss the

2    indictment because it charged him with violating a subsection of 21 U.S.C. § 841 that did not exist.

3    984 F.2d at 336-37.  The trial court denied the motion and granted the government's motion to

4    amend the indictment to charge violation of the correct subsection.  *Id.* at 337.  The Ninth Circuit

5    affirmed the trial court's decision, stating that "the indictment was amended to correct a clear

6    typographical error."  *Id.*  The court further held that "[t]he typographical error did not mislead [the

7    defendant] as to the charges against him.  Nor was he prejudiced by the incorrect citation of the

8    subsection.  Under these circumstances, the trial court did not err in allowing the amendment of the

9    indictment."  *Id.*

10        In the original Information, filed on November 18, 2010, the government charges

11   Defendant with violation of 18 U.S.C. § 1001(a)(2) for falsely denying to FBI Special Agents that

12   he had not made a telephonic bomb threat when in fact he had.  According to the Information, this

13   telephonic bomb threat took place on February 26, 2010, Information 1:22, 2:15, and FBI agents

14   interviewed Defendant about the bomb threat on March 15, 2010, *id.* at 2:1.  Nevertheless, under

15   count one of the Information, the Information lists February 26, 2010 as the date Defendant

16   violated 18 U.S.C. § 1001(a)(2).  *Id.* at 2:9.  The government now seeks to amend this date to

17   March 15, 2010.  Mot. 1.

18        Although the Information did, at one point, incorrectly identify the date of Defendant's

19   violation of § 1001(a)(2), the Information also correctly listed the date on which FBI agents

20   interviewed Defendant.  That interview, as the Information outlines, is the date on which

21   Defendant made a false statement to a government agency in violation of § 1001(a)(2).  Thus,

22   despite the typographical error, Defendant was not misled as to the charges against him nor would

23   allowing the amendment prejudice him now.  Indeed, the error here appears less egregious than the

24   error corrected in *Lim*.  Therefore, the Court GRANTS the government's request.

25   **IT IS SO ORDERED.**

26

27   Dated: April 26, 2011                                  *Lucy H. Koh*

28                                                          _____
                                                           LUCY H. KOH
                                                           United States District Judge

2